UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: _____
_____

THOMAS E. BELL,

       Plaintiff,                          **COMPLAINT**

v.

                                   **JURY TRIAL DEMANDED**

MONTEREY FINANCIAL SERVICES, INC.,

       Defendant.
_____

## INTRODUCTION

1. This action arises from Defendant's violations of the Telephone Consumer Protection Act (hereinafter, "TCPA"), 47 U.S.C. § 227 *et seq*.

2. The terms "automatic telephone dialing system" has the meaning ascribed to it by the TCPA, 47 U.S.C. § 227(a)(1).

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 47 U.S.C. § 227.

4. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

### Plaintiff

5. Plaintiff Thomas E. Bell (hereinafter "Plaintiff"), is a natural person residing in the County of Washington, State of Minnesota.

6. Plaintiff is a person affected by a violation of the TCPA with standing to bring this claim under 47 U.S.C. § 227.

### Defendant

7. Defendant Monterey Financial Services, Inc. (hereinafter "Defendant"), is a California corporation with its principal place of business located at 4095 Avenida de la Plata, Oceanside, CA 92056.

8. Defendant uses an "automatic telephone dialing system" in its efforts to collect debts from consumers as that term is defined by the TCPA, 47 U.S.C. § 227(a)(1).

9. Defendant uses pre-recorded messages and automated voice systems in its efforts to collect debts from consumers as those terms are used in the TCPA.

## FACTUAL SUMMARY

10. Sometime prior to June 2013, upon information and belief, Plaintiff incurred a financial obligation that upon information and belief was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5).

11. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

12. At no time has Defendant received Plaintiff's express consent to use an automatic telephone dialing system to make calls to Plaintiff's cellular telephone.

13. At no time has Defendant received Plaintiff's express consent to use pre-recorded messages or automated voice systems to leave messages on Plaintiff's cellular telephone.

14. Defendant initiated a campaign of dunning telephone calls to Plaintiff's cellular telephone.

15. Upon information and belief, Defendant used an "automatic telephone dialing system," as that term is defined by the TCPA, 47 U.S.C. § 227(a)(1), to place these dunning calls to Plaintiff's cell phone.

16. On July 16, 2013, Defendant left a telephone message on Plaintiff's cellular telephone using a pre-recorded or artificial voice.

17. On July 17, 2013, Defendant left a telephone message on Plaintiff's cellular telephone using a pre-recorded or artificial voice.

18. On July 18, 2013, Defendant left a telephone message on Plaintiff's cellular telephone using a pre-recorded or artificial voice.

19. On July 22, 2013, Defendant left a telephone message on Plaintiff's cellular telephone using a pre-recorded or artificial voice.

20. On July 29, 2013, Defendant left a telephone message on Plaintiff's cellular telephone using a pre-recorded or artificial voice.

21. On July 30, 2013, Defendant left a telephone message on Plaintiff's cellular telephone using a pre-recorded or artificial voice.

22. On August 2, 2013, Defendant left a telephone message on Plaintiff's cellular telephone using a pre-recorded or artificial voice.

23. On August 3, 2013, Defendant left a telephone message on Plaintiff's cellular telephone using a pre-recorded or artificial voice.

24. On August 9, 2013, Defendant left a telephone message on Plaintiff's cellular telephone using a pre-recorded or artificial voice.

25. On August 10, 2013, Defendant left a telephone message on Plaintiff's cellular telephone using a pre-recorded or artificial voice.

26. On August 12, 2013, Defendant left a telephone message on Plaintiff's cellular telephone using a pre-recorded or artificial voice.

27. On August 13, 2013, Defendant left a telephone message on Plaintiff's cellular telephone using a pre-recorded or artificial voice.

28. On August 26, 2013, Defendant left a telephone message on Plaintiff's cellular telephone using a pre-recorded or artificial voice.

29. On August 27, 2013, Defendant left a telephone message on Plaintiff's cellular telephone using a pre-recorded or artificial voice.

30. Upon information and belief, Defendant has made additional dunning calls using an "automatic telephone dialing system," as that term is defined by the TCPA, 47 U.S.C. § 227(a)(1).

31. Upon information and belief, Defendant has made additional dunning calls using a pre-recorded or artificial voice.

32. Defendant did have the prior express consent of Plaintiff to make calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or a voice that was pre-recorded or artificial to leave dunning messages.

33. Defendant does not have a business relationship with Plaintiff which authorizes the use of either an automatic telephone dialing system or a voice that was pre-recorded or artificial to leave dunning messages.

## Violations of The Telephone Consumer Protection Act

34. The TCPA, 47 U.S.C. § 227, is the federal law which regulates the purposes for which automated voices and automated dialing systems may be used to contact U.S. Citizens.

35. The TCPA states, in relevant part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States (A) To make any call (other than a call made for emergency purposes or made with the prior express consent of the party called) using any automatic telephone dialing system or an artificial or pre-recorded voice. . . . (iii) to any telephone number assigned to a . . . cellular

    telephone service. . . , or any service for which the called party is charged for the call. 47 U.S.C. § 227(b)(1)(A)

36. The TCPA creates a private right of action for the enjoinment of conduct in violation of the TCPA, 47 U.S.C. § 227(b)(3)(A), and also "to recover. . . $500.00 in damages for each such violation. . . ." 47 U.S.C. § 227(b)(3)(B).

37. Where a court finds that the Defendant willfully or knowingly violated the TCPA, the court may "increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B)." 47 U.S.C. § 227(b)(3).

38. A consumer may elect to seek both enjoinment and statutory damages. 47 U.S.C. § 227(b)(3)(C).

39. At all times relevant to the complaint herein, Defendant engaged in "telecommunications" as defined by 47 U.S.C. § 153(50).

40. At all times relevant to the complaint herein Defendant engaged in "interstate communications" as defined by 47 U.S.C. § 153(28).

41. At all times relevant to this complaint, the Defendant used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C. § 227(a)(1), and 47 C.F.R. 64.1200(f)(1).

42. Calls made by Defendant to Plaintiff's cellular phone were not made with the prior express consent of Plaintiff.

43. Calls made by Defendant to Plaintiff's cellular phone were not made for an emergency purpose.

44. Defendant knowingly and willfully violated the TCPA by placing calls to Plaintiff's cellular phone without seeking or receiving Plaintiff's express consent and with no reason to believe Defendant had Plaintiff's express consent.

45. Defendant has performed numerous violations of 47 U.S.C. § 227(b)(1)(A). *See Edeh v. Midland Credit Mgmt.*, 748 F. Supp. 2d 1030, 1038 (D. Minn. 2010).

## Respondeat Superior Liability

46. The acts and omissions of Defendant, and/or the other debt collectors employed as agents by Defendant who communicated with Plaintiff- further described herein- were committed within the time and space limits of their agency relationship with their principal, Defendant.

47. The acts and omissions by Defendant and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

48. By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

*49.* Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited

7

to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

*Summary*

50. The above-detailed conduct by Defendant was a violation of numerous and multiple provisions of the FDCPA, including but not limited to the provisions of the FDCPA identified above.

51. Defendant's negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiff.

## TRIAL BY JURY

52. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 .S.C. § 227 et seq.

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. Defendant made numerous calls to the Plaintiff's cellular telephone service using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

55. Defendant's numerous calls to the Plaintiff's cellular telephone used a pre-recorded or artificial voice in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

56. The acts and omissions of Defendant were performed unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

57. As a causally-direct and legally proximate result of the above violations of the TCPA, Defendant caused Plaintiff to sustain damages. Defendant's conduct, as described herein, left Plaintiff in a state of helplessness and victimization as the persistent and intrusive campaign of auto-dialed calls to Plaintiff eliminated the peace and solitude Plaintiff would otherwise have had. Defendants conduct constituted an unauthorized use of and interference with Plaintiff's cellular phone service for which Plaintiff paid money.

58. Under 47 U.S.C. Section 227(b)(3)(B), the Plaintiff is entitled to statutory damages of $500.00 per phone call made to Plaintiff using an automatic telephone dialing system.

59. Under 47 U.S.C. Section 227(b)(3)(B), the Plaintiff is entitled to statutory damages of $500.00 per phone call made to Plaintiff using a pre-recorded or artificial voice.

60. Defendant willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to Plaintiff using an automatic telephone dialing systems in willful and knowing violation of the TCPA, pursuant to the 47 U.S.C. Section 227(b)(3).

61. Defendant willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to Plaintiff using a pre-recorded or artificial voice in willful and knowing violation of the TCPA, pursuant to the 47 U.S.C. Section 227(b)(3).

62. Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting Plaintiff's cellular phone by use of an automated dialing system, pursuant to the 47 U.S.C. Section 227(b)(3)(a).

63. Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting Plaintiff's cellular phone using an artificial or pre-recorded voice, pursuant to the 47 U.S.C. Section 227(b)(3)(a).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

**COUNT I
VIOLATIONS OF THE
TELEPHONE CONSUMER PROTECTION ACT
47 U.S.C. § 227 et seq.**

64. For an award of statutory damages of $500.00 per call made to Plaintiff using an automatic telephone dialing systems, pursuant to 47 U.S.C. Section 227(b)(3)(B) against Defendant and for Plaintiff;

65. For an award of statutory damages of $500.00 per call made to Plaintiff using a pre-recorded or artificial voice, pursuant to 47 U.S.C. Section 227(b)(3)(B) against Defendant and for Plaintiff;

66. For an award of treble damages of $1,500.00 per willful and knowing violation pursuant to 47 U.S.C. Section 227(b)(3) against Defendant and for Plaintiff;

67. For an injunction prohibiting Defendant from contacting Plaintiff's cellular phone using an automatic telephone dialing system and/or pre-recorded or artificial voice pursuant to the 47 U.S.C. Section 227(b)(3)(a);

68. For such other and further relief as may be just and proper.

                              Respectfully submitted,

Dated:  October 9, 2013        MARTINEAU, GONKO & VAVRECK, PLLC

                             s/ Mark L. Vavreck                                  .
                            Mark L. Vavreck, Esq.
                            Bar Number #0318619
                            Attorney for Plaintiff
                            Martineau, Gonko & Vavreck, PLLC
                            Designers Guild Building
                            401 North Third Street, Suite 600
                            Minneapolis, MN 55401
                            Telephone:  (612) 659-9500
                            Facsimile:  (612) 659-9220
                            mvavreck@mgvlawfirm.com